IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 1:05-CV-0741-BBM |
| | : | |
| $43,314.29 SEIZED FROM TRUSTMARK BANK ACCOUNT XXXX6301; $2,546.46 SEIZED FROM FIDELITY NATIONAL BANK ACCOUNT XXXX1837; $90,325.22 SEIZED FROM FIDELITY NATIONAL BANK ACCOUNT XXXX4838; $12,273.91 SEIZED FROM FIDELITY NATIONAL BANK ACCOUNT XXXX8581; $12,239.21 SEIZED FROM FIDELITY NATIONAL ACCOUNT XXXX8570; $61,142.50 SEIZED FROM FIDELITY NATIONAL BANK ACCOUNT XXXX6040; $588,530.15 SEIZED FROM FIDELITY NATIONAL BANK ACCOUNT XXXX2905; $77,525.72 TRACEABLE TO FIDELITY NATIONAL BANK ACCOUNT XXXX2905; $47,503.44 SEIZED FROM FIDELITY NATIONAL BANK ACCOUNT XXXX1904; $164,778.88 SEIZED FROM FIDELITY NATIONAL BANK ACCOUNT XXXX1310; $162,954.61 SEIZED FROM FIDELITY NATIONAL BANK ACCOUNT XXXX9514 $56,662.54 SEIZED FROM WACHOVIA BANK ACCOUNT XXXX5747; NEW YORK LIFE INSURANCE POLICY XXXX8780; AND NEW YORK LIFE INSURANCE POLICY XXXX8796 | : : : : : : : : : : : : : : : : : : : : : : | |
| Defendants. | : | |

**FINAL ORDER AND JUDGMENT OF FORFEITURE BY DEFAULT**

This matter is now before the Court on Plaintiff's Motion for Entry of Forfeiture by Default in accordance with Fed. R. Civ. P.

55(b)(2) and 18 U.S.C. § 983(a)(4)(A). For the reasons stated below, the Court GRANTS the Motion for Default Judgment [Doc. No. 103].

## Discussion

This Complaint For Forfeiture pursuant to Title 18, United States Code, Sections 981(a)(1)(A) and (C), 1956(a)(1)(A)(i) and (B)(I), and Title 8, United States Code, Section 1324(a) and (b), seeks the forfeiture of $43,314.29 seized from TrustMark Bank Account No. xxxx6301, $2,545.46 seized from Fidelity National Bank Account No. xxxx1837, $90,325.22 seized from Fidelity National Bank Account No. xxxx4838, $12,273.91 seized from Fidelity National Bank Account No. xxxx8581, $12,239.21 seized from Fidelity National Bank Account No. xxxx8570, $61,142.50 seized from Fidelity National Bank Account No. xxxx6040, $588,530.15 seized from Fidelity National Bank Account No. xxxx2905, $77,525.72 traceable to Fidelity National Bank Account No. xxxx2905, $47,503.44 seized from Fidelity National Bank Account No. xxxx1904, $164,778.88 seized from Fidelity National Bank Account No. xxxx1310, $162,954.61 seized from Fidelity National Bank Account No. xxxx9514, $56,662.54 seized from Wachovia Bank Account No. 5747, New York Life Insurance Policy xxxx8780, and New York Life Insurance Policy xxxx8796 (collectively the "Defendant Properties"). The Court has jurisdiction under Title 28, United States Code, Sections 1345 and 1355, and venue is

proper pursuant to Title 28, United States Code, Sections 1355 and 1395.

Rule G(4) of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims sets forth a comprehensive set of rules for publishing notice of the forfeiture and for sending direct notice to potential claimants. Rule G(4) states that the government "is required only to *send* notice to the potential claimant." In this case, the Government has done so by directly noticing the holders of the seized bank accounts. Additionally, the Government provided notice to all other potential claimants in this action, pursuant to Rule G(4), by publishing notice in *The Atlanta Journal Constitution*, a newspaper of general circulation in the Northern District of Georgia, on December 6, 13, and 20, 2007.

Based upon the foregoing, the Court finds the following:

1. that the United States furnished due and legal notice of this proceeding as required by law;

2. that potential claimants including TrustMark Bank, Fidelity National Bank, Wachovia Bank, New York Life, Shela Karimi, Malik Karimi, Apex MK, Century MK, Chappell MK, Delta MK, Henrico MK, Sugar Bear, Inc., Synergy Petroleum MK, and Mansoor Karimi, having either failed to file any claim within the time limit set by Rule G(5) of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims, or having withdrawn their claims and answers

pursuant to a stipulated settlement agreement, no longer have standing to contest this forfeiture action; and

3. that all potential claimants are in default because no claims have been filed since the last date of publication.

Therefore, this Court **GRANTS** the Plaintiff's Motion for Default Judgment [Doc. No. 103] against TrustMark Bank, Fidelity National Wachovia Bank, New York Life, Shela Karimi, Malik Karimi, Apex MK, Century MK, Chappell MK, Delta MK, Henrico MK, Sugar Bear, Inc., Synergy Petroleum MK, Mansoor Karimi, and all other potential claimants. The Clerk shall enter a default judgment in favor of the United States and against the Defendant Properties. All right, title, and interest in the Defendant Properties is hereby condemned, forfeited and vested in the United States, and shall be disposed of according to law.

SO ORDERED, this **24th** day of **January**, 2008.

s/Beverly B. Martin
HONORABLE BEVERLY B. MARTIN
UNITED STATES DISTRICT JUDGE

Presented by:

*/s/ Jenny R. Turner*
JENNY R. TURNER
(Georgia Bar No. 719439)
Assistant U.S. Attorney
(404) 581-6036
(404) 581-6234 FAX